IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**PAULA TUCKER**                                                                                          **PLAINTIFF**

V.                                      No. 3:22-CV-00102-ERE

**KILOLO KIJAKAZI, Acting
Commissioner of Social Security**                                           **DEFENDANT**

## ORDER[1]

Plaintiff Paula Tucker appeals the Social Security Administration Commissioner's final decision denying her Title II application for disability benefits. For reasons set out below, the Commissioner's decision is AFFIRMED.

I.   **Background**

On October 22, 2020, Ms. Tucker protectively filed an application for benefits due to rheumatoid arthritis; neuropathy; autoimmune disorder; migraines; memory problems; degenerative joint disease of both knees, her right ankle, and left arm; degenerative disc disease; thyroid nodules; hypertension; neurogenic bladder disorder; atrial fibrillation; obesity; and limited mobility of the left arm. *Tr. 10, 251.*

Ms. Tucker's claim was denied initially and upon reconsideration. At Ms. Tucker's request, an Administrative Law Judge ("ALJ") held a telephonic hearing

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

1

on November 19, 2021, where Ms. Tucker appeared with her lawyer, and the ALJ heard testimony from Ms. Tucker and a vocational expert ("VE"). *Tr. 33-66.* The ALJ issued a decision on January 31, 2022, finding that Ms. Tucker was not disabled. *Tr. 7-32.* The Appeals Council denied Ms. Tucker's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6.*

Ms. Tucker, who was forty-eight years old at the time of the hearing, attended some college and has past relevant work experience as a nurse assistant. *Tr. 38-39, 62.*

## II.     The ALJ's Decision[2]

The ALJ found that Ms. Tucker had not engaged in substantial gainful activity since November 22, 2019, the alleged onset date. *Tr. 13*. The ALJ concluded that Ms. Tucker had the following severe impairments: morbid obesity; migraines; left elbow ulnar transposition; degenerative joint disease of the right ankle, status-post arthroscopy with hardware removal and joint arthrodesis with nail and removal; chronic heart failure with atrial fibrillation, status-post ablation; hypertension; degenerative disc disease and degenerative joint disease of the lumbar spine; chronic obstructive pulmonary disease ("COPD"); degenerative disc

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g).

disease of the cervical spine; acromioclavicular osteoarthritis of the left shoulder; lower extremity edema; degenerative joint disease of the right shoulder; and small labral tear of the left hip. *Id.* However, the ALJ found that Ms. Tucker did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. at 15*.

According to the ALJ, Ms. Tucker had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: (1) only frequent pushing and/or pulling with the left upper extremity; (2) frequent use of the right lower extremity for foot control operation; (3) no climbing ladders, ropes, or scaffolds; (4) occasional climbing of ramps and stairs; (5) occasional stooping, kneeling, crouching, or crawling; (6) frequent reaching with the left upper extremity; (7) frequent reaching overhead with the right upper extremity; (8) no concentrated exposure to irritants such as fumes, dust, odors, gases, and poorly ventilated areas; and (9) must avoid concentrated exposure to excessive cold and vibration. *Tr. 17*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a significant number of potential jobs were available in the national economy, including call out operator and surveillance system monitor. *Tr. 63*. Accordingly, the ALJ determined that Ms. Tucker was not disabled.

### III. Discussion

#### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

#### B. Ms. Tucker's Arguments for Reversal

Ms. Tucker contends that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in: (1) failing to consider the combined effects of her multiple impairments; (2) assessing the credibility of her subjective complaints; (3) failing to consider absence from work for medical treatment; and (4) failing to properly develop the record regarding work-related limitations. *Doc.*

*12 at 53, 55, 62, 64.* After carefully reviewing the record as a whole, the Court affirms the Commissioner.

    **C.**    **Analysis**

          **1.**    **The ALJ Considered the Combined Effects of the Impairments**

Ms. Tucker asserts that "there is no indication that the ALJ considered the combined effects of [Ms.] Tucker's impairments; instead, he limited his review *only* to each impairment separately." *Id. at 54* (emphasis in original). To the contrary, the ALJ specifically found that "all the claimant's medically determinable impairments, severe and non-severe, have been considered" in forming the RFC. *Tr. 14*. The ALJ also noted that Ms. Tucker "does not have an impairment or combination of impairments meet or medically equals" a listing. *Tr. 15*. The Court presumes the ALJ acted in conformity with these statements, and no further elaboration was required. See *Wilburn v. Astrue*, 626 F.3d 999, 1003-04 (8th Cir. 2010) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.") (quotation omitted); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992) (articulation requirements were met when ALJ separately discussed claimant's impairments, complaints of pain, and daily activities before denying claim at Step Four). Accordingly, this argument is without merit.

##    2.    The ALJ's Credibility Analysis Was Adequate

Ms. Tucker asserts that the record does not support a finding that she can perform a reduced range of sedentary work. *Doc. 12 at 56*. After reviewing Mr. Tucker's medical history, the ALJ found that "the intensity, persistence and limiting effects of [Ms. Tucker's] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Tr. 18*.

The Court normally should defer to an ALJ's credibility determination. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the credibility of a claimant's subjective complaints, an ALJ must consider the *Polaski* factors, which include "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010) (quotation omitted) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). Also relevant is the absence of objective medical evidence supporting the claimant's subjective complaints, although the ALJ cannot discount a claimant's credibility based on this consideration alone. *Id*. at 932. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision as long as it is

clear that they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

Here, the ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Ms. Tucker's complaints and the record. For example, he noted that despite Ms. Tucker's alleged daily migraines, her neurological exams were normal and the impairment appeared to be controlled with medication. *Tr. 18, 1244*. Additionally, the ALJ pointed out that Ms. Tucker's neurologic exams were repeatedly "within normal limits including normal muscle tone, reflexes, motor strength, sensation, and coordination." *Tr. 19, 512, 1249, 2120, 2157, 2196, 2229, 2362, 2487,*

The ALJ considered Ms. Tucker's activities of daily living, as well as the medical evidence, and weighed them against the subjective complaints. The ALJ noted that "claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Tr. 18*.

Based on the evidence as a whole, the ALJ's findings were supported by the record and there is no reason to depart from the deference normally given to the ALJ's credibility determination.

### 3. Absence of Work in the RFC

Ms. Tucker asserts that the ALJ "never specifically addressed the question of excessive work absenteeism that [Ms.] Tucker's chronic medical conditions and mental illnesses would cause in either his hypotheticals to the VE . . ." or his RFC finding. *Doc. 12 at 63*.

Ms. Tucker bears the burden of proving her RFC, which represents the most she can do despite the combined effects of her credible limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own descriptions of [her] limitations." *Id*.

First, Ms. Tucker's "medical appointments are not sufficient grounds for including an absenteeism limitation." *Melissa Kathleen B. v. Kijakazi*, No. 20-CV-2115 (ECT/HB), 2022 WL 447232, at *11 (D. Minn. Jan. 27, 2022). Second, if this was really an issue, Ms. Tucker's lawyer should have raised it with the ALJ and VE. She did not. Instead, counsel focused on a hypothetical involving someone who would have to elevate their feet four times a day. *Tr. 64-65*. Accordingly, Ms. Tucker's argument is not persuasive.

### 4. The ALJ Adequately Developed the Record

Ms. Tucker argues that the ALJ failed to develop the record based on the absence of "opinion from a treating or examining doctor commenting on [Ms.] Tucker's work-related limitations." *Doc. 12, at 65*.

Although an RFC must be supported by "some medical evidence . . .[,] there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). "While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). Ms. Tucker "has the burden to offer the evidence necessary to make a valid decision about her claim." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). A claimant "bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure." *Combs v. Astrue*, 243 F. App'x 200, 204 (8th Cir. 2007). "[A]n ALJ does have a duty to develop the record, [but] this duty is not never-ending . . . ." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011).

9

Importantly, the ALJ reviewed the medical opinions provided by Dr. Denise Greenwood and Dr. Lucy Sauer, two reviewing medical consultants. *Tr. 23*. He found unpersuasive Dr. Greenwood's finding that Ms. Tucker could perform a full range of light work. However, he credited Dr. Sauer's opinion that Ms. Tucker could perform sedentary work, with some limitations. The ALJ also found the two additional mental health reviewers' decisions to be "well supported." *Tr. 24*. *Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016) (holding that the absence of an opinion from a treating doctor was not error, when "medical assessments of state agency medical consultants as to Buford's limitations are of record and were expressly considered by the ALJ.").

Here, the ALJ properly relied on "objective medical evidence of record, the claimant's treatment notes, and the claimant's own statements regarding symptom frequency, duration, intensity, and limiting effects" in determining the RFC. *Tr. 24*. *Hensley*, 829 F.3d at 932. The ALJ had enough information to make an informed decision, and Ms. Tucker has not identified any crucial issue that was undeveloped.

Overall, the evidence supports the ALJ's RFC and contradicts Ms. Tucker's argument that the RFC exceeds her abilities.

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Ms. Tucker's claims, and substantial evidence supports the decision to deny benefits.

Accordingly, Ms. Tucker's appeal is DENIED, and judgment will be entered for the Commissioner. The Clerk of Court is directed to close the case.

IT IS SO ORDERED this 8th day of March 2023.

_____
UNITED STATES MAGISTRATE JUDGE